Katharine Faith Stratis
406 East Springtree Way
Lake Mary, Florida 32746



FILED

ᶜ⁹ᵗᵗ SEP -7  AM 11: 29

DISTRICT COURT
U. DISTRICT OF FL
LAKE FLORIDA

### IN THE UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA

Katharine Faith Stratis

      Plaintiff,

Vs.

Deutsche Bank National Trust Company
Law Office of Marshall C. Watson, PA
Orlando DeLuca

      Defendants

Case No. 6:11-cv-1479-ORL-18KRS

---

### COMPLAINT AND JURY DEMAND

---

COMES NOW, Katharine Faith Stratis ("Plaintiffs") and appearing in this matter pro se, files her Complaint against Deutsche Bank National Trust Company and in support thereof, the Plaintiffs state as follows:

### INTRODUCTION

1.    Plaintiffs Katharine Faith Stratis is an American citizen, single mother of 2 very young daughters, residing in this district more specifically at 406 East Springtree Way, Lake Mary, Florida 32746 in Seminole County, Florida. At all times relevant herein the Plaintiff has been a natural person and consumer as that term is defined under 15 U.S.C Title 15 Chapter 41 ,

Subchapter V §1692a(3) and as such is defined under the Consumer Protection Laws of the State of Florida.

2.     Plaintiff complains of, among other violations, repeated harassing and abusive debt collection practices of the defendants, **fraudulent** and deceptive practices of the defendants, intentional misrepresentation and gross negligence. Plaintiff has suffered great harm as a result of the defendants wrongful, improper, fraudulent, and abusive conduct intentionally inflicted upon the plaintiff and her family by these Defendants, their employees, agents and legal representatives. The named Defendants have acted illegally and in a concerted, self-serving campaign, not only against the Plaintiffs here but directed towards other homeowners, in a deliberate effort to further the devastating climate that already exists in the State of Florida as it relates to **mortgage and foreclosure fraud**, home theft, equity theft and the foreclosure crisis in general.

## RELIEF SOUGHT

3.     Plaintiff seeks to recover **money damages** against Defendants individually and collectively for their fraudulent acts (multiple counts), accounting fraud, deliberate and negligent misrepresentations, unlawful business practices and for their diabolical scheme to defraud, extort, and to steal property and money from the Plaintiff and her family.  Finally, Plaintiff seeks Declaratory Relief pursuant to 28 U.S.C. §2201- §2202 that, among other things, the conduct of the Defendants, their agents and legal representatives was willful and committed with extreme malice in bringing actions against Plaintiff and Plaintiffs' property absent standing or any legal basis or authority. Plaintiff seeks a mandatory injunction prohibiting the commencement or continuation of any further actions against the Plaintiff and/or Plaintiffs' property as Defendant

Deutsche Bank National Trust Company has no interest of any kind in Plaintiff's property upon which any action can be based.

## JURISDICTION

4.    The Jurisdiction of this court over this complaint is premised upon 15 U.S.C. Subchapter V - Debt Collection Practices; 28 U.S.C §1331 (federal question) and §1334, 28 U.S.C §1337 (commerce); Consumer Credit Protection Act 15 U.S.C §1601-1693 and the Common law of the state of Florida.  This court has jurisdiction over the state law claims related to this complaint under the doctrine of supplemental jurisdiction (28 U.S.C. §1367) and over all other causes of action asserted under state and common law.  The amount in controversy exceeds $100,000.00 (one hundred thousand dollars).

## VENUE

5.    Venue is provided under 28 U.S.C. §§1391(b)(1) and (b)(2) as the Plaintiff and her children reside here and upon information and belief, the Defendants conduct business within this Middle District of Florida.

## PARTIES

6.    Deutsche Bank National Trust Company, ("DBNTC") is an entity that appears to have a corporate office address at 4828 Loop Central Dr., Houston, TX 77081 and is a debt collector as that term is defined in 15 U.S.C. §1692 et seq., as DNBTC has sought to collect but has no legal interest in the purported debt owed by Plaintiff.  DNBTC at all relevant times pertinent herein was doing business in the Southern District of Florida.

7.    The Law Offices of Marshall C. Watson, PA ("Watson") is a debt collector as that term is defined in 15 U.S.C. §1692 et seq, whose home office and corporate address appears to be

located at 1800 N.W. 49th Street, Suite 120, Fort Lauderdale, FL 33309 and at all relevant times pertinent herein was doing business in the Southern District of Florida.

8.      Orlando DeLuca is a debt collector as that term is defined in 15 U.S.C. §1692 et seq, whose address appears to be located at 1800 N.W. 49th Street, Suite 120, Fort Lauderdale, FL 33309 and at all relevant times pertinent herein was doing business in the Southern District of Florida.

9.      Plaintiff Katharine Faith Stratis is American citizen residing in this district who at all times pertinent herein was a natural person and a consumer within the meaning of 15 U.S.C. §1692 et seq. as well as the Consumer Protection Laws of the State of Florida. The Plaintiff has resided at 406 East Springtree Way, Lake Mary, Florida 32746 in Seminole County at all times relevant to this complaint.

## BACKGROUND

10.     The Plaintiff is the record owners of the property designated as 406 East Springtree Way, Lake Mary, Florida 32746 ("the property"), a property she refinanced in March 1, 2005.

11.     On March 1, 2005, Plaintiff entered into a loan transaction whereby she executed a promissory note in the approximate amount of $185,600.00 which named Aames Funding Corporation DBA Aames Home Loan ("Aames") as the "lender". Contemporaneously with the promissory note, Plaintiff executed a mortgage which also named Aames as the lender. The address of Aames is 350 South Grand Avenue, 42nd Floor, Los Angeles, CA 90071.

12.     That mortgage was recorded in the Official Records Book 05642, at Pages 1415-1436, of the Public Records of Seminole County, Florida on March 9, 2005.

13.     The Plaintiff was, at that time and still is, a single mother of two young daughters.

14.    The loan terms of the agreement were predatory in nature in that the terms of repayment did not take into account Plaintiff's inability to make such payments at the onset of such agreement and further, the terms of the agreement allowed for an increase in the interest rate, thereby automatically increasing the monthly mortgage payment, up to 14.4 percent; 6 percentage points above its original interest rate.  It should have been readily foreseen that default was eminent given such unconscionable home mortgage terms to an unsuspecting single mother of two young children with no consideration given to Plaintiff's inability to sustain such mortgage.

15.    Neither the promissory note nor the mortgage, which were both executed on March 1, 2005, make a reference of any kind to Defendant Deutsche Bank National Trust Company.

16.    Neither the promissory note nor the mortgage designates Aames Mortgage Investment Trust 2005-2 as a party of any kind.

17.    However, because of Plaintiff's inability to maintain the payments on the predatory loan between Plaintiff and Aames Funding Corporation, in 2008, Defendant DBNTC, who has no record interest or interest of any kind for that matter, speaking through counsel, Defendants Watson and Orlando DeLuca, initiated an illegal foreclosure action against Plaintiff's property.

18.    Defendant DBNTC., speaking through counsel Defendants Watson and Orlando DeLuca, caused to be filed with the Circuit Court of the 18th Judicial Circuit in and for Seminole County, Florida Civil Division, a Mortgage Foreclosure Complaint ("Complaint") against the Plaintiff and a "Notice of LIS PENDENS" against Plaintiffs' home.  The case was docketed under case No. 59-2008-CA-003461.

19.     In the complaint, Defendant DBNTC states that it is an "Indenture Trustee for the Noteholders of AAmes Mortgage Investment Trust 2005-2", which is a Delaware Statutory Trust. This is plainly stated in the caption and the body of the foreclosure complaint.

20.     Defendant DBNTC, also speaking through counsel Watson and Orlando DeLuca, asked the state court to grant a summary judgment motion where Defendant DNBTC reiterated that it was an Indenture Trustee for other note holders. Nowhere in any representations made to the state court does DNBTC, Watson or Orlando Deluca state or allege that DBNTC is the holder or owner of the promissory note and mortgage related to the property belonging to Plaintiff as DBNTC does not own or hold such promissory note.

21.     While definitively stating to the state court that it is an "Indenture Trustee" for *other* noteholders, Defendant DBNTC erroneously represents to the state court that the provisions of the note and mortgage upon which the foreclosure complaint was based, "confers" upon DBNTC the right to accelerate payment of the loan. Neither the promissory note nor the mortgage confer any such rights to DBNTC.

22.     On September 20, 2010, Orlando Deluca of Law Office of Marshall C. Watson, PA, filed a sworn document entitled "Affidavit of Time and Effort" with the Circuit Court of the 18th Judicial Circuit in the aforementioned foreclosure action, case No. 59-2008-CA-003461.

23.     In such affidavit, Orlando Deluca proceeds to itemized his "expended times" and related fees. The Affidavit states Mr. Deluca **reviewed the information** received from his client, prepared the Lis Pendens, prepared the complaint, prepared the motion for final summary judgment, prepared the affidavit as to indebtedness, prepared the Attorney's fee Affidavit and finally, prepared the proposed Notice of Sale of Plaintiff's home at auction.

24.     Orlando Deluca knew, or should have known based on the face of the information provided to him by his client, that his client DBNTC had no legal authority to institute a foreclosure action against Plaintiff and Plaintiff's home.

25.     Orlando Deluca knew, or should have known, based on the face of the information provided to him by his client, that his client DBNTC was not designated as party on the promissory note and mortgage to Plaintiff's home and that the public record was devoid of any legal transfer of any kind as it related to the promissory note and mortgage to his client.

### FIRST CAUSE OF ACTION
VIOLATION OF 15 U.S.C. §1692e (2) (A)

26.     The Plaintiff re-alleges and incorporates by reference ¶'s 1-25 of this complaint as if fully set forth and restated herein.

27.     The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. This definition, while not limited to the acts set forth here, applies to all of the named defendants in this complaint.

28.     Watson and Orlando Deluca prepared an Affidavit of Indebtedness to be filed with the state court in the action to collect from the Plaintiff or foreclose on Plaintiff's home in the event Plaintiff was unable to pay. Any Affidavit of Indebtedness prepared by Watson and Orlando Deluca on behalf of DBNTC which alleges money owed to them, represents and accounting fraud as the Defendants are unable to produce any valid accounting consistent with the Generally Accepted Accounting Principles to justify any amount **owed to them** by the Plaintiff. 15 U.S.C. §1692e (2) (A) prohibits the false representation of the character, amount, or legal status of any debt. All defendants knew, or should have known that no money was owed to DBNTC. By its

own admission, DBNTC is nothing more than an indenture trustee, **a term by its definition that has no legal relevance here,** *purportedly,* for other note holders; as such DBNTC is owed nothing.

29.    The Affidavit of Indebtedness represents a material misrepresentation on its face as any amount and the legal basis to collect from or enforce against the Plaintiff cannot be substantiated by the defendants indentified herein with any evidence of ownership, recorded or otherwise, of the Plaintiff's promissory note or mortgage nor any agreement between Plaintiff and Defendants as it relates to such loan.

**WHEREFORE,** Plaintiff prays at the conclusion, hereof.

## SECOND CAUSE OF ACTION
### VIOLATION OF 15 U.S.C. §1692e(4)

30.    The Plaintiff re-alleges and incorporates by reference ¶'s 1-29 of this complaint as if fully set forth and restated herein, particularly ¶27 as it defines such conduct of a debt collector.

31.    15 U.S.C. §1692e(4) prohibits the representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or **the seizure, garnishment, attachment, or sale of any property** or wages of any person **unless such action is lawful and** the debt collector or creditor intends to take such action.

32.    As shown above, all Defendants working collectively, in consort and without legal basis, filed a complaint, affidavit and numerous other instruments in the public record and in the state court with one objective in mind; that is, to take the home of the Plaintiff and sell it at public sale.

**WHEREFORE,** Plaintiff prays at the conclusion, hereof.

## THIRD CAUSE OF ACTION
VIOLATION OF 15 U.S.C. §1692e(5)

33.    The Plaintiff re-alleges and incorporates by reference ¶'s 1-32 of this complaint as if fully set forth and restated herein, particularly ¶27 as it defines such conduct of a debt collector.

34.    15 U.S.C. §1692e (5) expressly prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken.

35.    As shown above, all Defendants working collectively, in consort and without legal basis, filed a complaint, affidavit and numerous other instruments in the public record and in the state court with one objective in mind; that is, to take the home of the Plaintiff and sell it at public sale.  Defendants had no legal basis to take Plaintiff's property and sell at auction.

**WHEREFORE,** Plaintiff prays at the conclusion, hereof.

## FOURTH CAUSE OF ACTION
VIOLATION OF 15 U.S.C. §1692e(10)

36.    The Plaintiff re-alleges and incorporates by reference ¶'s 1-35 of this complaint as if fully set forth and restated herein, particularly ¶27 as it defines such conduct of a debt collector.

37.    15 U.S.C. §1692e (10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

38.    As shown above, all Defendants working collectively, in consort and without legal basis, filed a complaint misrepresenting the facts to the court, filed an affidavit misrepresenting the facts to the state court along with numerous other instruments in the public record and in the state court containing assertions known to be false.  Defendants submitted all of such documents and instruments with one objective in mind; that is, to take the home of the Plaintiff and sell it at public sale.  Defendants filed such instruments with full knowledge that the allegations and

assertions would deceive the state court and other public officials responsible for conducting the sale of Plaintiff's home.

**WHEREFORE,** Plaintiff prays at the conclusion, hereof.

### FIFTH CAUSE OF ACTION
VIOLATION OF 15 U.S.C. §1692f(1)

39.     The Plaintiff re-alleges and incorporates by reference ¶'s 1-38 of this complaint as if fully set forth and restated herein, particularly ¶27 as it defines such conduct of a debt collector.

40.     15 U.S.C. §1692f (1) prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

41.     No agreement exists between Plaintiff and any of the named Defendants here; certainly no such agreement authorizing the collection of money and the taking of Plaintiff's home in the event of nonpayment.

**WHEREFORE,** Plaintiff prays at the conclusion, hereof.

### SIXTH CAUSE OF ACTION
Reckless and Intentional Infliction of Emotional Distress

42.     The Plaintiffs re-alleges and incorporates by reference ¶'s 1-41 of this complaint as if fully set forth and restated herein.

43.     One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

44.     The Defendants' ongoing harassment, oppressive and illegal acts against Plaintiff and Plaintiffs' property known to be baseless, providing fraudulent affidavits and statements

representing fraudulent amounts, taking improper legal action without just cause, threatening to sell Plaintiffs' home based on such fraudulent and extortionate acts are a continued violation of federal and state consumer protection laws and has caused, and still does cause, the Plaintiffs to suffer great mental anguish, emotional distress and other suffering including but not limited to headaches, anxiety, fear for the Plaintiffs' financial security and the financial security of her family.

45.    The Defendants willfully, maliciously, intentionally, and outrageously inflicted extreme mental suffering on the Plaintiffs rendering it impossible for the Plaintiffs move forward in their day to day lives without the constant fear of being rendered homeless.  The Defendants knew that their actions would likely result in the extreme emotional grief and suffering, not to mention the humiliation, heightened mental anguish from which Plaintiffs are entitled to damages for injury in an amount within the jurisdiction of the court.

46.    Plaintiff is a single mother of two young daughters.  Plaintiff suffers from sleep deprivation due to escalated stress and anxiety directly resulting from the constant threat of an illegal foreclosure of Plaintiff's home and the malicious conduct of the Defendants.

**WHEREFORE,** Plaintiff prays at the conclusion, hereof.

**SEVENTH CAUSE OF ACTION**
Civil Conspiracy

47.    The Plaintiffs re-alleges and incorporates by reference ¶'s 1-46 of this complaint as if fully set forth and restated herein.

48.    Watson and Orlando Deluca and DBNTC, their employees and representatives operated in obvious consort to cause the falsified filings to be submitted to the court and the public records.    Watson and Orlando Deluca and DBNTC, their employees and/or representatives

operated in obvious consort to commence and proceed in the illegal foreclosure action brought against the Plaintiff's home.

49.    The Defendants, and each of them, thus did agree amongst themselves to conspire against Plaintiff. Furthermore, Defendants, each of them, conspired with the specific purpose and intent to directly injure the Plaintiff, to accomplish the common but unlawful objective of permanently dispossessing the Plaintiff of her real property and related equity therein.

50.    The Defendants accomplished their objectives through a meeting of the minds by first creating false accounting records then preparing and filing pleadings, affidavits and other instruments with the state court and public record based upon such falsified accounting.

51.    The Defendants furthered their objectives through a meeting of the minds by bringing the foreclosure action in the state court based upon such falsified accounting records purporting money owed to DBNTC and further, purporting that DBNTC had a lien upon which to attached the Plaintiff's home. The Defendants created and placed documents in the court record to make it appear that the Plaintiff owed money to DBNTC when she did not.

52.    The visible manifestation of this conspiracy is the fact that all Defendants knew, or should have known that there was never any agreement or consent of any kind between Plaintiff and DBNTC that would make the Plaintiff legally and monetarily liable to any of the Defendants. The elements of this civil conspiracy were specifically the formation, the operation, the resulting damage and injury to Plaintiff and her family, all of which renders each and every participant in the wrongful acts complained of herein responsible as joint tortfeasors for all damages ensuing from the wrong, irrespective of whether or not he was a direct actor and regardless of the degree of his activity; that is, each of them are deemed jointly and severally liable.

**WHEREFORE,** Plaintiff prays at the conclusion, hereof.

## EIGHT CAUSE OF ACTION
Fraud and Negligent Misrepresentation

53.     The Plaintiffs re-alleges and incorporates by reference ¶'s 1-52 of this complaint as if fully set forth and restated herein.

54.     Florida State Law requires that DBNTC present to the state court the "original promissory note" executed by Plaintiff in order to commence an action in foreclosure against Plaintiff's home.  In lieu of presenting such original promissory note, DBNTC must give a satisfactory explanation for its failure to present it.  Fla. Stat. §671.201(21).

55.     Watson and Orlando Deluca prepared an Affidavit of Indebtedness to be filed with the state court for the specific purpose of foreclosing on Plaintiff's home.  As stated above, such affidavit claimed that money was **owed to them** by the Plaintiff to DBNTC when in fact there exists no agreement between Plaintiff and DNBTC upon which any monetary obligation can be based and no such agreement of any kind has been submitted to the court by DBNTC.  DBNTC, by its own admission, states that it is nothing more than an indenture trustee for other note holders.  DBNTC has not complied with Fla. Stat. §671.201(21) but instead attempts to mislead the state court with the submission of an affidavit containing false claims.

56.     The Affidavit of Indebtedness represents a material misrepresentation on its face as any amount and the legal basis to collect from or enforce against the Plaintiff cannot be substantiated by the defendants indentified herein with any evidence of ownership, recorded or otherwise, of the Plaintiff's promissory note or mortgage nor any agreement between Plaintiff and Defendants as it relates to such loan.  It is specifically alleged herein that the defendants committed the fraudulent and negligent misrepresentations herein alleged when deliberately submitting such misrepresentations which were made recklessly and with the intent and full knowledge that these

misrepresentation would deceive not only the Plaintiff but the public record and the state courts. Moreover, Defendants are liable to the Plaintiff under common law Negligent Misrepresentation because these insidious and fiendish representations were made carelessly while having no reasonable reasons for believing them to be true. Plaintiff is entitled to recovery of the actual amount of the misrepresentation, injunctive relief, along with punitive and/or exemplary damages.

**WHEREFORE,** Plaintiff prays at the conclusion, hereof.

### NINTH CAUSE OF ACTION
Wrongful Foreclosure

57.    The Plaintiffs re-alleges and incorporates by reference ¶'s 1-56 of this complaint as if fully set forth and restated herein.

58.    What is clear here is that Watson and Orlando Deluca and DBNTC are all debt collectors. **None of such defendants own or hold the note upon which Plaintiff's purported obligation is based.**

59.    The use of abusive, deceptive, and unfair debt collection practices by debt collectors contribute significantly to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy not to mention the plethora of damaging effects related to anxiety, physical and mental distress and other exacerbated health conditions victims suffer at the hands of abusive debt collectors.

60.    While definitively stating to the state court that it is an "Indenture Trustee" for *other* noteholders, Defendant DBNTC erroneously represents to the state court that the provisions of the note and mortgage upon which the foreclosure complaint was based, "confers" upon DBNTC the right to accelerate payment of the loan.   This representation belies the facts and the truth regarding the provisions of the promissory note and the mortgage.

61.    Mortgage, by definition, refers to the lender; the secured party or holder of the mortgage lien. § 721.82(6), Fla. Stat. (2010).   It is clearly set forth in ¶16 of Plaintiff's mortgage that "This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the property is located."    Furthermore, a mortgage is governed under contractual law in the state of Florida.   See *Lee County Bank v. Christian Mut. Foundation, Inc.*, 403 So. 2d 446, 448 (Fla. 1981)

62.    Mortgage Acceleration Clause confers a contract right upon the **note or mortgage holder** which he may elect to enforce upon default.    *David v. Sun Fed. Sav. & Loan Ass'n.*, 461 So. 2d 93, 94 (Fla. 1984).   A plaintiff in a mortgage foreclosure **must be the owner/holder of the note** as of the date of filing suit. *Jeff-Ray Corp. v. Jacobsen*, 566 So. 2d 885 (Fla. 4th DCA 1990); see also, *WM Specialty Mortgage, LLC v. Salomon*, 874 So. 2d 680, 682 (Fla. 4th DCA 2004).

63.    Neither the promissory note nor the mortgage confer any such rights to DBNTC. DBNTC does not have standing to enforce the Note because DBNTC is not the owner of the Note, DBNTC is not a holder of the Note,  DBNTC is not a beneficiary under the Note and finally, DBNTC has not been assigned any interest whatsoever in the subject mortgage.

**WHEREFORE,** Plaintiff prays at the conclusion, hereof.

64.    Plaintiffs reserve the right to amend and add additional causes of action to this Complaint by regular amendment pursuant to Rule 15 of the Federal Rules of Civil Procedure as may be necessary to bring all issues before the Court concerning the acts perpetrated against the Plaintiff by Defendants.

65.    Plaintiff demands that a jury be empanelled to decide all matters appropriately decided by a jury.

**WHEREFORE,** Plaintiff prays for judgment and relief against the defendants and each of them as follows:

A. On all causes of action that this Court has jurisdiction;

B. 15 U.S.C. §1692k provides that any debt collector who fails to comply with or violates any provision of its subchapter is liable to the person affected for actual damages and additional damages allowed by the court not to exceed $1,000.00 for each such violation, costs of the action and reasonable attorney fees and §1692k (d) confers jurisdiction in this court. Plaintiff prays for statutory damages from each defendant pursuant to 15 U.S.C. §1692 et seq. for each and every violation;

C. Plaintiff prays for actual damages, proximate damages, punitive damages in an amount not less than $500,000.00 or allowable under applicable law, treble where applicable and against each defendant.

D. Plaintiff prays for general and special damages in amounts according to proof and within this court's jurisdiction, treble where applicable and against each defendant.

E. An award of costs of litigation, including attorney and expert witnesses, if any, against all defendants and for such other relief the court deems equitable.

F.    Plaintiff prays for declaratory relief pursuant to the **Declaratory Judgment Act - 28 U.S.C. §2201 - §2202.** Under the code, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. The Plaintiffs seek a declaratory judgment that Watson, Orlando Deluca and DBNTC any successors and/or assigns have no legal interest of any kind in Plaintiffs' property and that

each and every instrument and/or document filed by them and the action brought against Plaintiff in the Circuit Court based upon such purported interest represent an accounting fraud and violates the provisions of 15 U.S.C. §1692 et seq.

Respectfully, submitted this September 7th, 2011.

*Katharine Faith Stratis*

**Katharine Faith Stratis**